08-2303-ag
Lin v. Holder

BIA
Sichel, IJ
A79-066-510

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:
         JOSEPH M. McLAUGHLIN,
         ROBERT D. SACK,
         PETER W. HALL,
              Circuit Judges.

———————————————————————————

HANG LIN,
         Petitioner,

         v.                              08-2303-ag
                                         NAC

ERIC H. HOLDER JR.,
U.S. ATTORNEY GENERAL[1]
         Respondent.

———————————————————————————

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR PETITIONER:**        **Dehai Zhang, Flushing, New York.**

**FOR RESPONDENT:**       **Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Michael P. Lindemann, Assistant Director, Ethan B. Kanter, Senior Litigation Counsel, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hang Lin, a native and citizen of the People's Republic of China, seeks review of an April 17, 2007 order of the BIA vacating on remand the December 1, 2004 decision of Immigration Judge ("IJ") Helen Sichel and reversing the grant of his application for relief under the Convention Against Torture ("CAT"). In re Hang Lin, No. A79 066 510 (B.I.A. Apr. 17, 2008), rev'g No. A79 066 510 (Immig. Ct. N.Y. City Dec. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzalez, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

The BIA reasonably concluded that any harsh treatment that Lin might be subjected to upon removal to China would not amount to torture. In Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir. 2007), we held that, to constitute torture under the CAT, mistreatment or abuse must be inflicted with the "specific intent" to cause severe pain and suffering. See also 8 C.F.R. § 208.18(a)(5) ("In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering."). Because

2

motive is "critical" to a determination of whether a particular instance of harsh treatment rises to the level of torture, a CAT claimant must provide some evidence, either direct or circumstantial, of the specific intent of his alleged torturers. <u>See</u> <u>Pierre</u>, 502 F.3d at 119.

As the BIA noted, the beatings that Lin suffered during his one-year confinement at the detention center were inflicted by his fellow detainees as a consequence of his failure to make enough artificial flowers to meet his production quota for the center. In addition, the BIA observed that, according to Lin's own testimony, the officials at the detention center would intervene when the abuse became severe if they were made aware of the situation. Assuming <u>arguendo</u> that Lin presented particularized evidence indicating that he would face severe mistreatment in detention upon return to China, which he did not, he still fails to clear a necessary hurdle. Lin is required to satisfy the specific intent requirement imposed by the CAT, <u>see</u> 8 C.F.R. § 208.18(a)(5); <u>Pierre</u>, 502 F.3d at 118-19, and there was no evidence that any mistreatment Lin might be subjected to would be inflicted with the specific intent to cause him severe physical or mental pain. <u>See</u> <u>Pierre</u>, 502 F.3d at 118-19. Accordingly, the BIA did not err in finding that such mistreatment would not rise to the level of torture as the CAT defines that term. <u>See</u> <u>id.</u>

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3